RAY *v.* ANDERSON, administrator.

FISH, J. This case, upon its facts, is controlled by the decision rendered this day in *Ray v. Anderson,* ante, 136.

                              *Writ of error dismissed.    By five Justices.*

Motion to dismiss the writ of error.

*J. O. Gartrell* and *Lavender R. Ray,* for plaintiff in error.

*Rosser & Brandon* and *Anderson, Anderson & Thomas,* contra.

---

DeLAMATER *et al. v.* MARTIN.

A suit on a note which provides for the payment of one hundred dollars principal, besides interest and "all costs of collection, including ten per cent. attorneys' fees," where the plaintiff, without objection, files an amendment setting up that he has not complied with the act approved December 12, 1900 (Acts 1900, p. 53), by giving notice to the defendants of his intention to sue for attorneys' fees, and expressly waiving his right to recover such fees, is within the jurisdiction of a justice's court.

                 Argued January 16,—Decided February 9, 1903.

Certiorari.   Before Judge Lumpkin.   Fulton superior court. April 25, 1902.

*S. J. Hall* and *W. R. Daley,* for plaintiffs in error.

*J. E. & L. F. McClelland* and *J. D. Kilpatrick,* contra.

CANDLER, J.    In a justice's court in Fulton county Martin brought suit against DeLamater as maker, and McDonald as surety, on a note by which the maker bound himself to pay to the payee "one hundred dollars, . . with interest after maturity at eight per cent. per annum, and all costs of collection, including ten per cent. attorney's fees."    At the trial counsel for the defendants moved to dismiss the suit, on the ground that the amount sued for exceeded the jurisdiction of the justice's court.    Before this motion was passed upon by the magistrate, the plaintiff offered an amendment to his suit, which was allowed apparently without objection, in which he alleged "that the notice of intention to sue, required by acts of legislature approved December 12, 1900, amending section 3667 of the Code of 1895, was not given, and plaintiff further waives any and all rights he has to recover attorney's fees stipulated in the note sued."    Notwithstanding this amendment, the justice dismissed the suit for want of jurisdiction.    The plaintiff carried the case to the